## FRANCIS S. PEABODY

### *v.*

## CHARLES W. MUNSON.

*Opinion filed October 24, 1904.*

1. BILLS AND NOTES—*parol evidence is admissible to show there was no consideration for endorsement.* As between an endorsee and his immediate endorser, parol·proof is admissible to show there was no consideration for the endorsement.

2. SAME—*when an endorsement is without consideration.* Endorsement of a note by the holder on delivering it to the guarantor of the note in exchange for a note of equal amount executed by the guarantor because of his liability upon the former note is without consideration, and is not available as a set-off in a suit upon the latter note.

3. APPEALS AND ERRORS—*when irregularity in appointing referee cannot be availed of.* An irregularity in the appointment of a referee, consisting of the fact that he was described in the order of court as one of the masters in chancery of that court, cannot be first availed of on appeal.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHAS. A. BISHOP, Judge, presiding.

ARTHUR W. UNDERWOOD, for appellant.

JAMES HIBBEN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee held a promissory note made by one Conway W. Hillman for the sum of $2500, which fell due July 20, 1896, payable to the appellee, payment whereof was guaranteed by the appellant. The note was not paid by the maker. On July 22 the appellant executed his note in the sum of $2500, due in ninety days after its date, payable to the order of the appellee, and delivered the same to the appellee, which the appellee received in exchange for the note which he held against Hillman, the payment whereof the appellant had

guaranteed. The appellee endorsed the Hillman note as follows: "Pay to the order of F. S. Peabody.—Chas. W. Munson." The appellant did not pay the note so executed by him, and after its maturity the appellee brought this an action in assumpsit· against the appellant to recover the amount due him according to the tenor and effect of the note. The appellant pleaded the general issue and a plea that the note sued on was executed merely as an accommodation to the appellee and that the appellant derived no benefit or advantage therefrom and that there was no consideration, and also a plea of set-off. The plea of set-off alleged the insolvency of Hillman and the liability of the appellee as endorser of the note given by Hillman to appellee and which the appellee had delivered or surrendered to the appellant, as before mentioned, with the endorsement thereon, as before stated; and offered to set off such alleged liability of the appellee as endorser against the damages alleged in appellee's declaration to have been sustained by appellee by reason of the failure of appellant to pay to appellee the note sued on. Issues were joined on the pleadings. It appears from the record that in pursuance of a stipulation of the parties the cause was referred to Edward A. Dicker to take the testimony and report the same to the court, together with his conclusions of law and fact. Subsequently the said Dicker submitted his report, as referee, of the testimony produced by the respective parties and his conclusions of law and fact deduced therefrom. The findings of the referee sustained the issues in behalf of the appellee. The appellant filed exceptions to such report, and the exceptions were heard by the court and determined adversely to his contentions. Judgment followed for the appellee in the amount of the principal and interest of the note sued upon. The appellant prosecuted an appeal to the Appellate Court for the First District, and from a judgment of affirmance entered in that court has perfected this appeal to this court.

The complaint that the trial court erred in treating the report of said Dicker as the report of a referee appointed and

acting in pursuance of the provisions of section 1 of chapter 117 (3 Starr & Cur. Stat. 1896, p. 3363,) is groundless. In the order appointing Dicker he is described as one of the masters in chancery of the court, but his report recites he was appointed referee and that he acted in that capacity. The appellant filed exceptions to this report, in which he designated said Dicker as the referee. In these exceptions the appellant urged that the referee had reached erroneous conclusions of law and fact; that he failed to pass on questions of law submitted to him as "referee" for decision, but did not in anywise challenge the regularity of the appointment of the said Dicker as referee or question his authority to act in that capacity. Subsequently the appellant, for his own convenience in preparing the record for review, entered into a stipulation in the following words, viz.: "That the original testimony taken before Edward A. Dicker, appointed referee herein by stipulation, together with all exhibits and papers introduced in evidence before said referee, and the original report of said referee filed herein on the 7th day of May, 1902, shall be included in and made a part of the record of this cause by the clerk of the court and shall form a part of said record." The appellant cannot be permitted to shift his ground in a court of review and insist there for the first time the alleged irregularity in the order of the court referring the cause to the said Dicker as one of the masters in chancery of the court. Moreover, the designation of said Dicker in said order as master in chancery is properly to be regarded as merely *descriptio personæ*.

The appellant presented certain propositions to be held by the court as correct principles of law applicable to the contentions. The court refused all of them. By the refusal of the propositions it appears that the court held that it was competent to produce oral testimony to establish that there was no consideration for the endorsement of the note given by Hillman to the appellee and by the appellee endorsed and delivered to the appellant. The rule is well settled that a valid consideration is necessary to support the liability of an

endorser of a negotiable note, (7 Cyc. 690,) and it is also the rule that as between an endorsee and his immediate endorser the consideration for the endorsement is always open to oral inquiry. (*Kirkham* v. *Boston,* 67 Ill. 599; *Jones* v. *Albee,* 70 id. 34; 4 Am. & Eng. Ency. of Law,—2d ed.— 196 and 197.) The parol proof bearing on the point disclosed that appellee held and owned the note given to him by Hillman, the payment whereof the appellant had guaranteed; that Hillman failed to pay the note, and that by an agreement between the appellant and the appellee the appellant executed his note payable to the appellee for the amount of the note which the appellee held against Hillman and against appellant as guarantor and delivered the same to the appellee, and that the appellee thereupon surrendered to the appellant the Hillman note and endorsed the same to him. The endorsement was wholly without consideration. The appellant was liable to the appellee, as guarantor, for the payment of the Hillman note and executed his note to appellee for that reason. He thereupon became entitled to the possession and ownership of the Hillman note. The appellee endorsed the same to appellant and thereby clothed the appellant with the legal title thereto. But there was no consideration for the endorsement and no liability was created against the appellee as endorser, for the reason there was no consideration to support a promise to pay as an endorser.

These observations dispose of the objections to the action of the court on all of the propositions presented to be held as the law of the case. The appellant had no just defense to the action of the appellee and had no enforcible demand available as a set-off thereto.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*