**Louis Cohen and Jennie Cohen, Appellants, v. Fred S. Wolffs, Appellee.**

### Gen. No. 31,013.

1. NEGOTIABLE INSTRUMENTS—*when parol evidence admissible to show purpose of and want of consideration for indorsement of note on its face a guaranty of payment.* In an action by the holder of a promissory note against his immediate indorser, parol evidence is admissible to show that such indorsement, although on its face amounting to a guaranty of payment, was in fact without consideration and solely for the purpose of conveying title to the instrument.

2. NEGOTIABLE INSTRUMENTS—*sufficiency of evidence to show that indorsement of note was without consideration and made solely to convey title to the instrument.* In an action by the holder of a promissory note against his immediate indorser evidence held to show that the indorsement, although on its face a guaranty of payment, was in fact without consideration and intended solely to convey title to the instrument.

Appeal by plaintiffs from the Municipal Court of Chicago; the Hon. C. F. McKINLEY, Judge, presiding. Heard in the second divi-

sion of this court for the first district at the March term, 1926. Affirmed. Opinion filed October 5, 1926.

CLAUDE J. DALENBERG, for appellants.

MOSES, KENNEDY, STEIN & BACHRACH, for appellee; HIRSCH E. SOBLE, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

This appeal is from a finding and judgment for the defendant in an action upon an indorsement and guaranty of a promissory note. Such indorsement and guaranty consist of defendant's signature on the back of the note under a printed form in the following language: "For value received ———— hereby assign and guarantee the payment of the within note at maturity, or any time thereafter, with interest at seven per cent per annum after due until paid, waiving notice, protest and diligence in collecting, and hereby agree to pay all costs and expenses paid or incurred in collecting the same." The defense is that there was no consideration for the indorsement and guaranty.

The facts are not in dispute. Counsel for plaintiffs concedes that they are substantially as set forth in the fifth paragraph of the amended affidavit of merits. That paragraph states, in substance, that in August, 1922, defendant, being the owner of certain real estate in Chicago, executed a written lease for a term beginning January 1, 1923, and ending April 30, 1928, to one Nate Frank, of a storeroom and basement in a building to be thereafter erected on such real estate; that under the terms of the lease Frank, the lessee, deposited with defendant his promissory note for the sum of $1,000 payable April 12, 1923, which sum was to be held by defendant, as lessor, for the prompt payment of the rent and the performance by the lessee of the other covenants of the lease; that it was provided

in the lease that if the lessee should faithfully and fully pay the rent and perform all the covenants of the lease during the full term thereof, "then the lessor shall use and apply said sum so deposited for the rent hereinbefore provided to be paid by said lessee, for the last period of this lease, so far as the same will apply," but if the lessee should abandon the premises, or be dispossessed, or fail to perform all the covenants of the lease, then the lessor may, at his option, "use and apply the said sum, so far as it will apply, towards the payment of the rents reserved, and to the performance of the covenants and agreements herein contained to be kept, performed or fulfilled by the lessee, including any deficiency or reletting"; that the lease further provided that no action should be brought by the lessee in relation to the money so deposited until two months after the expiration of the full term of the lease, and that any default on the part of the lessee should be deemed an absolute transfer of the "sum deposited"; that when the note so deposited matured, it was destroyed and a new one given in lieu thereof, dated April 12, 1923, for the same amount and due four months after its date, which is the note involved in this suit; that in June, 1923, defendant sold the real estate mentioned in the lease to one Nathan Edenburg, and as an incident to such sale, assigned to Edenburg the lease and the note so deposited; that in the contract of sale between defendant and Edenburg there was no agreement or requirement that the defendant should guarantee or indorse the note and that upon closing the deal with Edenburg, defendant "placed his signature on the back of the note merely for the purpose of assigning and transferring title to the same without recourse against him, and for no other purpose"; that thereafter Edenburg sold the property to the plaintiffs and the sale was closed in November, 1923; that neither in the contract of sale nor in the deed in the latter transaction is there any mention of

the note, nor any agreement that the same should be guaranteed or indorsed by anyone, but, in closing the deal, Edenburg assigned the lease to the plaintiffs and at the same time delivered to them the note in question.

It is not shown or claimed that Frank, the lessee and maker of the note, failed to pay the rent when it was due, or failed to perform any of the covenants of the lease.

It is clear from the evidence and the stipulations of counsel that when defendant placed his signature on the back of the note, he received nothing of value for so doing. The witnesses agree that the note formed no part of the consideration paid for the real estate by Edenburg to defendant, or by plaintiffs to Edenburg. Defendant testified (and he is not contradicted) that when he, as lessor in the Frank lease, assigned it to Edenburg, the latter's attorney asked defendant to also "assign the note over," and that he thereupon put his name on the back of the note for that purpose. He was under no obligation to do more than to transfer the title of the note. Any other promise on his part was gratuitous. When Edenburg became the owner of the property and the lessor's interest in the lease was assigned to him, he thereby became entitled to the note given as security for the performance of the covenants of the lease. He was entitled to demand of defendant a formal assignment of the note without recourse, in order to transfer the legal title, but he was not entitled to demand from the defendant any indorsement of the note which would have the effect of making defendant liable as an indorser or guarantor thereof. Any promise of personal liability on the part of the defendant which might be otherwise implied from defendant's indorsement and guaranty was a promise wholly without consideration and was not enforceable by Edenburg, who was not a purchaser for value and who took the note with full knowledge

of the facts. Plaintiffs are in no better position. The note was delivered to them three months after it was due, and they paid nothing for it. Their attorney testified that in closing the sale from Edenburg to plaintiffs, the note ''was not figured in as part of the consideration.''

Plaintiffs contend, however, that parol and extrinsic evidence is not admissible to vary the terms of the written guaranty and indorsement. That such is the general rule was held in *Mason v. Burton,* 54 Ill. 354, and in *Jones v. Albee,* 70 Ill. 34. But the rule has its limitations and exceptions, which have also been recognized in this State. In *Jones v. Albee, supra,* some of the exceptions are mentioned, including one which permits oral proof that a blank indorsement was made merely to transfer the title to the note, in pursuance of a contract to that effect. Another exception, or qualification, appears in *Peabody v. Munson,* 211 Ill. 324, where it was said: ''The rule is well settled that a valid consideration is necessary to support the liability of an indorser of a negotiable note (7 Cyc. 690), and it is also the rule that as between an indorsee and his immediate indorser the consideration for the indorsement is always open to oral inquiry. (*Kirkham* v. *Boston,* 67 Ill. 599; *Jones v. Albee,* 70 Ill. 34; 4 Amer. & Eng. Encyc. of Law, 2d Ed., 196, 197.)'' In that case, Munson held and owned a note given to him by one Hillman, the payment whereof had been guaranteed by Peabody. Hillman failed to pay the note and by an agreement between Peabody and Munson, Peabody executed his note, payable to Munson, for the amount of the note which Munson held against Hillman and against Peabody as guarantor, and delivered the same to Munson, whereupon Munson surrendered to Peabody the Hillman note and indorsed the same to him. Munson sued Peabody on his note, and Peabody attempted to set off Munson's alleged liability on the latter's indorsement of the Hillman note. The court

held that it was competent to show these facts by oral testimony, upon the principles above quoted, and held that Munson's indorsement was wholly without consideration and that no liability was created against him as an indorser. The same exceptions, or qualifications, have been recognized in many other cases, among which the following may be cited: *Monroe v. State Bank of Patch Grove,* 181 Wis. 19; *State Sav. Bank v. Osborn,* 188 Iowa 168; *Ellis v. First Nat. Bank,* 163 Ark. 471; *Blackwood v. Sakwinski,* 221 Mich. 464, and *Sawyer State Bank v. Sutherland,* 36 N. D. 493. In *Monroe v. State Bank of Patch Grove, supra,* it was said: "There is undoubtedly much conflict in the authorities relating to the question whether an indorser may impeach his indorsement when sued by the indorsee but we think that by the weight of authority, as stated by Mr. Daniel: 'It may be shown that the indorsement was without consideration, as, for instance, that it was for the indorsee's accommodation, or merely to transfer the legal title to the indorsee, he being in fact the owner of the paper; or that it was indorsed for collection, where the form of indorsement does not show that fact; or that it was indorsed merely to perfect an arrangement between the maker and indorsee.' 1 Daniel, Neg. Inst., 6th Ed., § 720a."

Under these authorities it must be held that the parol evidence was admissible in this case, and as it shows that there was no consideration whatever for defendant's indorsement or guaranty, his signature on the back of the note was effective merely to transfer the title to the note, without creating any liability against him as indorser or guarantor; and as the plaintiffs received the note from Edenburg after maturity and without paying anything of value for it, they are not holders in due course, as defined by the Negotiable Instruments Act, but took the note with its indorsement subject to all the defenses that might be made by defendant while it was in the hands of Edenburg.

It follows, we think, that the finding and judgment for the defendant were correct, and the judgment is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.