S. S. Bradshaw, Appellant, v. Earl Grigsby, Administrator of the Estate of George F. Cadwell, Deceased, Appellee.

Gen. No. 8,953.

Opinion filed January 17, 1936.

L. T. GRAHAM, of Pittsfield, for appellant.

WILLIAM and BARRY MUMFORD, of Pittsfield, for appellee.

A. W. SCHIMMEL, of Pittsfield, for certain creditors of the estate of George F. Cadwell, deceased.

MR. JUSTICE FULTON delivered the opinion of the court.

The appellant S. S. Bradshaw filed a claim against the estate of George F. Cadwell, deceased, on a time certificate of deposit in the sum of $12,500, issued to George F. Cadwell in his lifetime by the Griggsville State Bank on November 14, 1931, and indorsed by George F. Cadwell, under the style of G. F. Cadwell,

at the time it was issued. The claim was tried in the county court of Pike county and there denied. An appeal was taken by appellant to the circuit court where a trial was had before the court without a jury. The only pleadings consisted of the verified claim of the appellant and the verified answer of the administrator, the appellee here, denying delivery of the time certificate in question to appellant, or to anyone, for the purpose of creating any liability against Mr. Cadwell. Upon the hearing, the circuit court denied the claim and entered judgment in favor of the estate, from which judgment the appellant prosecutes this appeal.

Just prior to and at the time of the transaction in question, there were two banks operating in Griggsville, one the Griggsville State Bank and the other the Griggsville National Bank. Business conditions were not good and it was desired to consolidate the two banking institutions as a New National Bank. The plan was to take over the assets of the two institutions, together with their liabilities. A national bank examiner reported that the liquid assets of the Griggsville State Bank were not sufficient to support its deposits in the sum of approximately $50,000 and suggested that the Griggsville State Bank would have to in some way supply at least $25,000 of its deposit liabilities to be turned into time certificates. The testimony is supplied chiefly by one C. R. Howerton, cashier of the Griggsville State Bank, and discloses that in attempting to make up the $25,000 required, one depositor, by the name of Harvey Doane, was secured who was willing to take a time certificate for the sum of $12,500 upon which a waiver of payment would be accepted for a period of something like three years. Officers of the bank approached George F. Cadwell, during his lifetime and he was induced, by Howerton, the appellant, and other officers of the bank, to sell bonds belonging to him in sufficient amount to make the deposit of

$12,500 in order to aid the officials and the bank in completing the proposed consolidation.

When it was proposed to Mr. Cadwell, by the cashier Howerton, that he accept the time certificate of deposit, he stated that three years was too long a time for him to wait for his money and agreed to take the note for $12,500 from the appellant, who was president of the bank, one Kennedy who was vice president of same bank and one L. E. Newman, a director, as a guarantee of the deposit made by Cadwell. Accordingly, Cadwell made the deposit of $12,500 in the Griggsville State Bank and took the note of the three officials to guarantee him payment for the same. The time certificate, for the sum of $12,500, was then issued in the name of George F. Cadwell and indorsed by him and then left with the cashier Howerton for the purpose of affecting the consolidation of the two banks. This plan was devised by the officials of the bank for the purpose of guaranteeing and protecting Cadwell in the repayment of the $12,500 deposited by him and without any idea of holding Cadwell liable on account of his indorsement of the time certificate. Cadwell particularly stated that he did not care to hold the time certificate or the notes delivered by the Griggsville State Bank as collateral for the $12,500 deposited. He stated that he had no interest in either the certificate or the collateral notes and would look only to the note of the three officials to secure his deposit. He indorsed the certificate and signed a receipt for the collateral notes with the express intention only of aiding in the consolidation of the two banks.

The Griggsville State Bank closed its doors on December 31, 1931, and the consolidation was never completed. In February, 1932, the appellant voluntarily delivered up the collateral notes to the receiver of the closed bank and kept in his own custody the time certificate for $12,500, indorsed by Cadwell.

On February 27, 1932, the three officials who had executed and delivered their note to Cadwell for $12,500 entered into a contract with Cadwell, which provided, among other things, that the three officials above named were to give a new note to Beulah Cadwell, daughter of George F. Cadwell, to take the place of the old note, which had been given Cadwell at the time he advanced the $12,500 for the deposit in November, 1931. George F. Cadwell died in December, 1932, and subsequent to his death his daughter Beulah entered judgment on the note against the appellant and the other two officials. This judgment was settled by the three directors paying to Beulah Cadwell the sum of $8,000. On February 14, 1934, this claim was filed by appellant against the estate of George F. Cadwell, deceased.

Appellant raises several propositions of law but from the evidence it appears clear to us that the purpose of the issuance and indorsement of the time certificate by Cadwell was in order to aid the officials of the Griggsville State Bank in completing the proposed consolidation of the two banks and in compliance with the demands of the national bank examiner. When the effort to consolidate failed the purpose for which the time certificate was issued and indorsed no longer existed and the effort of appellant in this case to charge the estate of George F. Cadwell with liability, because of his indorsement, constituted a diversion from the original purpose for which the certificate was issued. The indorsement was wholly without consideration and no liability was created against George F. Cadwell as the indorser. In the case of *Peabody v. Munson*, 211 Ill. 324, the court said: ''The rule is well settled that a valid consideration is necessary to support the liability of an endorser of a negotiable note, and it is also the rule that as between an endorsee and his immediate endorser the consideration for the endorsement is always open to oral inquiry.''

The parol proof of the witness Howerton, cashier of the Griggsville State Bank, called as a witness in behalf of appellant, clearly shows there was no consideration to support a promise to pay by Cadwell as an indorser. In fact, Howerton was permitted to testify that at the time Mr. Cadwell indorsed the time certificate it never entered the minds of the officials to hold Mr. Cadwell responsible for his indorsement on the time certificate.

In our judgment the appellant had no just claim against George F. Cadwell during his lifetime nor against his estate after his death. The judgment of the circuit court is affirmed.

*Affirmed.*