THE AMERICAN CAR AND FOUNDRY COMPANY

*v.*

WILLIAM HILL.

*Opinion filed February 21, 1907—Rehearing denied April 11, 1907.*

1. CHANGE OF VENUE—*when second application for a change of venue is properly denied.* Where change of venue has been granted from two of the judges of a circuit upon the ground of prejudice, the facts that the case is not sent out of the county for trial and that a city judge is properly presiding in the circuit court, as permitted by the statute, when the case comes up for trial, do not render erroneous the denial of a second application for a change of venue upon the ground of prejudice of the presiding judge, whose name was not mentioned in the first application.

2. CONTINUANCE—*when denial of continuance is proper.* Denial of a continuance, applied for upon the ground of an absent witness, is proper, where it is admitted by the opposite party that such witness would, if present, testify to the facts stated in the affidavit for the continuance, which is read to the jury.

3. PLEADING—*when sufficiency of declaration should be tested as though a demurrer was filed.* If the only attempt of defendant to question the sufficiency of the declaration is by an offered in-

struction holding the declaration to be faulty in law and requiring the jury to disregard it, the sufficiency of the declaration must be tested by the same rules as though a demurrer had been filed, in determining whether the court was correct in refusing the instruction.

4. SAME—*matters of evidence not considered in determining the sufficiency of declaration.* In determining the sufficiency of a declaration, the question whether the cause of action therein stated has been made out by the proof cannot be considered.

5. SAME—*what need not be alleged in declaration.* A declaration drawn upon the theory that the plaintiff was directed by the defendant to perform unfamiliar duties in a building with the condition of which he was not familiar, and that it was the defendant's duty to use due care not to subject plaintiff to perils which were not obvious or known to him, is not defective in failing to aver the plaintiff was put to work in a dangerous place and exposed to dangers to which a person of his age should not have been exposed.

6. SAME—*what is sufficient averment that plaintiff was injured in the discharge of his duty.* A declaration alleging that defendant ordered the plaintiff to perform certain labor, and that while the plaintiff was engaged in such labor, under the direction of his foreman, he was injured through the defendant's negligence, sufficiently avers that the plaintiff was injured while in the discharge of his duty and while acting within the scope of his employment.

7. SAME—*extent of foreman's authority need not be alleged.* A declaration in an action by a servant against his employer which alleges that the plaintiff was a servant of the defendant and that as such servant he was directed by the defendant's foreman to do certain work, need not allege that the foreman was acting within the scope of his authority in putting the servant to work.

8. MASTER AND SERVANT—*what does not justify assumption that plaintiff assumed the risk.* A declaration which alleges that the plaintiff was directed to remove debris from a building, and which further expressly alleges that he had no knowledge that the work of tearing down the building was still in progress, does not justify the assumption that he was engaged in wrecking the building and assumed the risks arising from the place of work being unsafe.

9. INSTRUCTIONS—*when omission of element is not error.* Omitting from an instruction an element necessary to a recovery is not error where the instruction does not purport to cover every essential element and the omitted element is supplied by other instructions, so that, taken as a series, the instructions correctly present the law of the case.

10. SAME—*effect of instruction relating to damages, in suit by a minor—estoppel.* In a personal injury suit by a minor, by his

father as next friend, it is not reversible error to give an instruction authorizing the jury, in assessing damages, to consider the effect of the injury upon the plaintiff's ability to labor, even if such instruction were considered as permitting the plaintiff to recover for loss of time during his minority, since the father, by permitting the suit to be brought and prosecuted in his name as next friend and by procuring the instruction to be given, is estopped to thereafter recover damages from the defendant for the loss of the plaintiff's services during the plaintiff's minority, occasioned by the injury.

11. EVIDENCE—*when objection to question is properly sustained.* Where a witness in a personal injury case has testified fully as to what the various servants of the defendant were doing at the time of plaintiff's injury, the question, "What was the common object of all these people, then?—what were they aiming to do?" calls for a conclusion, and an objection thereto is properly sustained.

FARMER, J., dissenting.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. J. E. DUNNEGAN, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Madison county in favor of appellee, and against appellant, for $1999.

From the evidence it appears that appellant was engaged in the business of building railway cars, and that it had a factory in Madison county; that a part of its equipment was a large building two hundred feet in width, four hundred feet in length and about twenty feet high, which, until shortly before the day of the accident in which appellee was injured, had been used by it as a paint shop; that for several days before March 21, 1905, the date of the accident, appellant had been engaged in tearing down this building for the purpose of erecting another building upon its site; that the building was a frame structure, supported by timbers about ten by twelve inches in size, rows of which extended

the entire length of the building at intervals of about twenty feet; that appellee had been in the employ of appellant as an errand boy and in taking car wheel numbers for about nine months prior to that date, and had until the day of the injury been, during the time of his employment with appellant, at work exclusively in its shipping department, under a foreman by the name of Howard; that he was directed by Howard to go to work under a foreman by the name of Deese, who had charge of a gang of men who were cleaning up the debris about the dismantled paint shop; that Deese put him to work, with several others, loading tar paper and other rubbish upon trucks and wheeling it to the boiler room; that Deese had nothing to do with the work of wrecking the building, this work being in charge of a foreman by the name of Kenner; that appellee was at work, under Deese's direction, in the south-west corner of the paint shop, and, without knowledge on his part that the further work of taking down the building was progressing, Kenner set his men to work taking down the supports or bents in the south-east corner of the building; that it was their intention to take the bents down one at a time; that the wrong support was sawed off, which caused two rows of bents to fall without warning, and that appellee was caught under these large and heavy timbers, his limbs broken and crushed and his skull fractured, resulting in very painful and dangerous injuries of a permanent nature.

B. H. CANBY, and ALEX. W. HOPE, for appellant.

J. M. BANDY, and KEEFE & SULLIVAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the judge before whom the case was tried was not qualified to sit at the trial thereof. It appears from the record that a change of venue was taken from Judges Burroughs and Moore, two of the judges of the third

circuit, on the ground that the said judges were prejudiced against appellant; that the case then came on for trial before Judge Dunnegan, judge of the city court of Alton, in said Madison county, he being the presiding judge at said sitting of the circuit court of Madison county; that the name of Judge Dunnegan had not appeared in the application for a change of venue; that a second application for a change of venue on the ground of the prejudice of Judge Dunnegan was then made by appellant and denied by the court, for the reason that one change of venue had already been had in said case. The statute provides that judges of city courts may interchange with each other and with the judges of the circuit courts. Judge Dunnegan was therefore qualified to preside at the trial of said cause. One change of venue having been already granted, the court properly refused the second application. Where a change of venue is sought on the ground of prejudice of the judge or judges of the court wherein the case is pending, we see no occasion to send the case out of the county for trial where a judge not disqualified by the application for a change of venue can hold or is holding a term of said court in the county in which the suit was brought, nor is the fact that this case was not sent to some other county a ground for reversal. In the case of *Chicago and Alton Railroad Co.* v. *Harrington,* 192 Ill. 9, where the trial court refused to grant a change of venue and this was urged as reversible error in this court, it was held, inasmuch as it appeared that a judge other than the one from whom the change was sought presided at the trial, "this arrangement rendered a change of venue unnecessary and took away the right of either party to make an application." The judge presiding being by law qualified to try said case, we are of the opinion that the fact that other judges were also qualified, in the circuit and without it, to perform such duty in no way affected the legality of this trial.

As to the contention that the court erred in refusing to grant a continuance on the ground of the absence of a ma-

terial witness, it was admitted by appellee that said witness would, if present, testify to the facts set out in the affidavit for a continuance, and the affidavit was read to the jury. We do not think the trial court erred, on the facts disclosed, in refusing to grant the application for a continuance.

No demurrer was filed to the declaration nor was the question of its sufficiency challenged or submitted to the court except by the following instruction offered by appellant with its other instructions, which was refused by the court:

"The court instructs the jury that plaintiff's declaration contains a single count and is faulty in law, and the jury will disregard such declaration."

It is contended that said instruction presented to the consideration of the court the question of the sufficiency of the declaration, and that the same should have been given and the case taken from the jury for want of a sufficient declaration. This instruction could raise no question that could not have been presented by demurrer, and, conceding the instruction was offered in time, the declaration must be tested in the same manner as if a demurrer had been filed thereto, in arriving at a determination of the question as to whether the court erred in not giving said instruction to the jury.

Matters of evidence and facts proved cannot be considered in connection with the question whether or not appellee has stated by his declaration a cause of action. The question as to whether the cause of action stated by the declaration has been made out by the proof is a separate and distinct proposition. In effect, the declaration charges that appellant was a corporation engaged in the business of operating a plant for the manufacture of railroad cars in the county of Madison and State of Illinois; that as a part of its equipment it possessed a large shed, which on March 21, 1905, was being taken down; that on said day appellee was a servant of appellant, and as such servant was directed by de-

fendant's foreman to take a wheelbarrow and remove from the shed certain debris which had been torn down; that appellee was but sixteen years of age, wholly inexperienced in the line of work that he was ordered to perform and unfamiliar with the condition of the building from which he was directed to remove material; that it was the duty of appellant to use reasonable care to see that the place in which appellee was required to work was in a reasonably safe condition and to use reasonable care to avoid subjecting appellee to·perils which were not obvious to the employment and which were unknown to him, and that appellant disregarded such duty by negligently detaching and pulling down certain pieces of timber composing said shed, a short distance from where appellee was required to work, in such manner as to cause the timbers of said shed over the place where appellee was required to work to fall upon the appellee while he was at work removing said debris from said building under the direction of his foreman, while appellee was in the exercise of due care and caution for his own safety. These charges were followed by allegations as to the nature of the injuries received and the damages resulting therefrom.

Appellant has in its argument sought to point out four reasons why said declaration is insufficient:

*First*—Because the declaration does not allege that plaintiff was put to work in a dangerous place or building and exposed to dangers and perils to which a youth of his age should not have been exposed. The declaration is drawn upon another theory but equally tenable, to-wit, that appellee was directed by appellant to perform a line of labor with which he was not familiar and in a building with the condition of which he was unfamiliar, and that it was the duty of appellant to use due care to see that, in view of such circumstances, it did not subject him to perils which were not obvious or known to him.

*Second*—That the declaration does not allege the appellee was injured while in the discharge of his duty and acting

within the scope of his employment. It does allege that appellant ordered appellee to perform certain labor, and that while engaged in such labor, under the direction of his foreman, he was injured through its negligence. We think this is all that is required.

*Third*—Because it is not alleged in said declaration that the foreman who put appellee at the work was authorized so to do and was acting within the scope of his authority. The allegation in the declaration upon this point is: "And plaintiff avers that on the date aforesaid he was a servant of the defendant, and as such servant was directed by the defendant's foreman, George Howard, to take a wheelbarrow and remove from said shed certain debris which had been torn down." The general rule is that a plaintiff is not required to plead his evidence. It was not necessary for appellee to set out in his declaration the contract between the foreman and appellant, or to state his conclusion as to the extent of the authority of said foreman or the scope of his employment.

*Fourth*—Because the duty charged in the declaration is not a correct statement of the rule imposed upon masters engaged in the business of wrecking or taking down buildings, and that masters are not required to furnish workmen a safe place in which to work who are employed by them to remove or tear down buildings. There is nothing in this declaration which brings appellee within the rule contended for. He was directed to remove debris from said building to the boiler room of appellant, and the declaration negatives the fact that he had knowledge of the changing condition of the building or that it was then being taken down. We do not think the allegation of the declaration justifies the assumption that appellee was engaged in the wrecking of said building at the time of the injury or that his employment was of such a nature as to bring him within the rule insisted upon by appellant,—that is, that he assumed the risk of the wrecking crew throwing the building upon him.

While this declaration is not artfully drawn, a careful consideration of the points made by appellant fails to establish that it did not state a good cause of action.

Appellant asked the court to give a peremptory instruction to take the case from the jury at the close of appellee's evidence, and at the close of all the evidence renewed such request. We are of the opinion the evidence produced by appellee fairly tended to support the issues made by his declaration, and that the trial court did not err in permitting the case to go to the jury.

Appellant contends that the court erred in giving the following instruction offered by appellee:

"The court instructs the jury that if you find the defendant guilty, then, in estimating the plaintiff's damages, it is proper for the jury to consider the effect, if any, of the injury upon the plaintiff's health and ability to labor, and all such injuries, if any, as the jury may believe, from the preponderance of the evidence, naturally and proximately result therefrom to the plaintiff, as well as bodily pain and suffering endured by him, if any, and having considered these elements, if proven, fix the plaintiff's damages at such sum as the jury may believe, from the evidence, is necessary to adequately and justly compensate the plaintiff for the damages, if any, which the jury believe, from the evidence, are the direct, natural and proximate result of the injury. In the assessment the jury must take into consideration only such elements of damage as have been alleged in the declaration and which have been established by a preponderance of the evidence."

It is urged that this instruction does not inform the jury of what or from what it will be authorized to find appellant guilty. The instruction does not purport to inform the jury upon the points necessary to be proven by appellee in order to establish liability on the part of appellant. That question was fully covered by instructions given at the request of appellant. Instructions are to be considered as a series, and

if, when so considered, the law of the case is correctly stated, the fact that one instruction does not cover every element of the case does not make it bad unless it purports so to do, and in this case the jury by other instructions were advised that the burden of proof was upon the appellee to establish, by a preponderance of the evidence, every material fact necessary to constitute his cause of action asserted by him and denied by appellant, and they must have understood, in view of this and other instructions of like purport, that if they, under the law as laid down in said instructions and the evidence in the case, found the defendant guilty, then, in arriving at the amount of appellee's damage, they should consider the elements set out in the instruction hereinbefore quoted.

It is further urged that said instruction permits the appellee to recover damages for loss of time and inability to labor during his minority, and it is said, under the authority of *Richardson* v. *Nelson,* 221 Ill. 254, this was improper, as during his minority his services belonged to his father. The suit was brought in the name of the father as next friend, and we are of the opinion if said instruction, which is not as broad as the instruction in the *Richardson case,* is held to permit a recovery by the appellee for the loss of time and inability to work during his minority, that the father, by permitting the suit to be brought and prosecuted in his name as next friend and by procuring said instruction to be given to the jury, estopped himself from thereafter recovering damages from the appellant for the loss of time and inability to work of the appellee, occasioned by said injury, during the minority of the appellee.

It is further insisted that the trial court erred in sustaining an objection made by appellee to the following question: "Well, what was the common object of all these people, then?—what were they aiming to do?"—which question referred to the servants of appellant who were present at the time of the accident. From the record it appears that the question just previous to the one hereinbefore set out

was, "What was the common object they had in view?" and that the answer of the witness was, "Some were picking up iron, some shoveling gravel and taking it out, and some picking up lumber and trucking it to the boiler room." The objection was properly sustained for two reasons: First, because the question was a repetition of the previous question; and second, because it called for the conclusion of the witness. He had testified fully as to what was being done. It was for the jury, and not the witness, to determine the answer to the question asked.

We are of the opinion the trial court committed no reversible error in the trial of said case, and that the judgment of the Appellate Court should be affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting:

I think the giving of appellee's instruction set out in the foregoing opinion was reversible error. Appellee was a minor and the suit was brought by his next friend, who was his father. At the time of the trial in the court below he was eighteen years old. The declaration charged that the plaintiff had been permanently injured in the discharge of his daily duties. The instruction told the jury, if they found for the plaintiff, in estimating his damages it was proper for the jury to consider the effect of the injury upon plaintiff's ability to labor, and that in assessing the damages they should take into consideration the elements of damages alleged in the declaration. Under this instruction the jury might well understand it was proper to allow compensation for loss of time. Plaintiff's father was entitled to his services during his minority, and would have a right of action in his own name for damages resulting from the loss of those services. If the instruction authorized a recovery in this suit for loss of time, which it seems to me the jury would understand it did, it was prejudicial error to give it.