THE AMERICAN BADGE COMPANY, Defendant in Error, vs. THE LENA PARK IMPROVEMENT ASSOCIATION et al. Plaintiffs in Error.

*Opinion filed October 28, 1910.*

1. CONSTITUTIONAL LAW—*object of section 13 of article 4 of constitution, concerning titles of acts.* The object of section 13 of article 4 of the constitution, concerning titles of acts, is to prevent the joining in one act of incongruous or unrelated matters, but it was not its design to embarrass legislation by making laws unnecessarily restrictive in their scope and operation or to require that the title shall.be an index of the contents of the act.

2. SAME—*section 13 of the Municipal Court act, concerning interchange of judges, is valid.* Section 13 of the Municipal Court act, authorizing judges of the municipal court to interchange with judges of other city courts and with county judges, is not in contravention of section 13 of article 4 nor section 29 of article 6 of the constitution and is germane to the purposes of section 34 of article 4, and is a valid law.

3. COURTS—*section 13 of the Municipal Court act not in conflict with sections 10 and 12 of said act.* Section 13 of the Municipal Court act, relating to interchange of judges, is not in conflict with sections 10 and 12 of said act, relating, respectively, to the qualifications of municipal judges and the increase of the number of such judges by election.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding.

ROCCO DESTEFANO, for plaintiffs in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

January 25, 1910, a judgment was entered in the municipal.court of Chicago for $150 in favor of the American Badge Company, the defendant in error, against the Lena Park Improvement Association, W. Williams, P. Hicks and W. L. Hicks, the plaintiffs in error, before Hon. George J. Cowing, county judge of Will county, holding a branch of the municipal court of Chicago by request of the judges of

that court.    This writ of error was sued out of the Appellate Court for the First District, where, on motion of the defendant in error, it was transferred to this court on the ground that the assignment of errors involved the constitutionality of section 13 of the Municipal Court act, which provides: "The judges of said municipal court may interchange with judges of other city courts, and with county judges, and said respective judges may hold court for each other and perform each other's duties when they find it necessary or convenient."

It is insisted, first, that said section 13 is not covered by the title of the act, and is therefore in contravention of section 13 of article 4 of the constitution.    The title of the act reads, "An act in relation to a municipal court in the city of Chicago."    Every act must embrace but a single subject, but it may include other provisions not foreign to the general subject, which legitimately tend to accomplish the legislative purpose as to that subject.    An act may contain many provisions and details for the carrying out of its purpose.    The object of this provision of the constitution is to prevent the joining in one act of incongruous or unrelated matters.    It was not its design to embarrass legislation by making laws unnecessarily restrictive in their scope and operation or to require that the title should set forth a detailed statement or an index of the contents of the act. (*People* v. *McBride,* 234 Ill. 146; *Potwin* v. *Johnson,* 108 id. 70; *People* v. *Hazelwood,* 116 id. 319; *People* v. *Nelson,* 133 id. 565; *Boehm* v. *Hertz,* 182 id. 154.)    This provision of the Municipal Court act is incident to or in a reasonable sense connected with and auxiliary to the subject indicated by the title.    If the dockets of the municipal court were overcrowded it would certainly tend to promote the administration of justice in that court to call in other judges under the provisions of said section 13 to speedily dispose of the business of the court, thus preventing a denial of justice through long delay in the trial of causes.

It is further urged that said section 13 is void because it is not germane to section 34 of article 4 of the constitution, which authorizes the creation of the municipal court of Chicago by providing "a complete system of local municipal government in and for the city of Chicago." We think this section is clearly incident and therefore germane to the purposes of said section 34.

We do not assent to the argument of counsel that said section 13 is in contravention of section 29 of article 6 of the constitution, requiring that all laws relating to courts shall be general and of uniform operation, and that the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, shall be uniform. It is true, we have held that the municipal court of Chicago is to be regarded as a local court of the city, established for the purpose of administering the law within the city, and not as a part of the judicial department of the government of the State at large, but this does not prevent the interchange of the judges of the municipal court with other city courts or the judges of the county courts. A similar provision with reference to the exchange of city judges under the general City Court act, (Hurd's Stat. 1909, sec. 6, p. 699,) allowing judges of the city court to sit in the circuit court, has been held valid. *American Car Co.* v. *Hill,* 226 Ill. 227.

It is further argued that said section 13 is in conflict with section 10 of the Municipal Court act, wherein it is provided that a judge of the municipal court shall be at least thirty years of age and shall have resided in Cook county and been in active practice there as an attorney or judge five years next preceding his election, and also in conflict with section 12 of the act, where it is provided that under certain conditions there may be an increase of the number of judges in the municipal court by election. It is insisted that these sections clearly show that only those persons possessing the qualifications set out in section 10 and

elected from the city of Chicago should preside in the municipal court. These sections must be read in connection with said section 13 of the act. The rule of law is too familiar to need a citation of authorities in its support, that in order to obtain the true meaning of one section of an act the entire act should be considered. Manifestly, it was intended that the mass of work of the municipal court should be done by the judges elected under the provisions of the act creating that court, but it is just as manifest that for the purpose of the reasonable dispatch of the business of the court other judges might be called in.

The reasoning of this court in *People* v. *Olson,* 245 Ill. 288, is practically decisive on all the questions that we have thus far considered against plaintiffs in error's contentions. The conclusions reached in *Miller* v. *People,* 230 Ill. 65, *Morton* v. *Pusey,* 237 id. 26, *Pike* v. *City of Chicago,* 155 id. 656, and *Miller* v. *People,* 183 id. 423, all tend to uphold the validity of said section 13. It violates in no way the constitutional provisions invoked.

It is further insisted that the statement of claim and the affidavit do not conform to the judgment, and that the judgment was erroneous because of a misjoinder of defendants. The record shows that the affidavit in support of the claim in one place uses the word "defendant" in the singular number though the word is used in the plural three times. It is therefore argued that it cannot be determined against which defendant the plaintiff claimed the judgment. This criticism is hypercritical. Reading the entire affidavit with the statement of claim it is evident that the claim is against all the defendants. There is no statement, stenographic report or bill of exceptions in the record, but the judgment order of the municipal court finds, in terms, the joint liability of the defendants.

We find no reversible error in the record. The judgment of the municipal court will therefore be affirmed.

*Judgment affirmed.*