(No. 10902.)

THE P. A. STARCK PIANO COMPANY *et al.* Appellants, *vs.* HENRY STARK, Appellee.

*Opinion filed December 21, 1916—Rehearing denied Feb. 7, 1917.*

APPEALS AND ERRORS—*right to raise constitutional objection to judgment is waived by suing out writ of error from the Appellate Court.* By suing out of the Appellate Court a writ of error to review a judgment the right to raise any then existing constitutional objections to the validity of the judgment is waived, and on a subsequent appeal to the Supreme Court from a decree dismissing a bill brought to enjoin the collection of the judgment such constitutional objections cannot be urged.

APPEAL from the Circuit Court of Cook county;   the Hon. THOMAS G. WINDES, Judge, presiding.

GUTHMAN & ROTHSCHILD, (FRANK H. CULVER, and MARTIN CONNOR, of counsel,) for appellants.

GEORGE M. WEICHELT, and ALVIN E. STEIN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The bill in this case is substantially a bill to enjoin the collection of a judgment at law.   Some time in 1911 Henry Stark, appellee, purchased a piano from the P. A. Starck Piano Company, one of appellants, or from P. A. Starck, to be paid for on the installment plan, with the right in the seller to take possession of it if the buyer failed to make

monthly payments as agreed.    Some payments were made, but the seller claiming the purchaser was in default replevined the piano from the buyer.    The record of that suit is not in the record before us, but it is agreed that there was a judgment for Henry Stark, appellee here, the purchaser, and that the writ of *retorno habendo* was awarded. The piano was not returned, and afterwards Henry Stark brought suit on the replevin bond against the principal, the P. A. Starck Piano Company, and the surety, the United States Fidelity and Guaranty Company, in the municipal court of Chicago.    A trial was had before the court without a jury and a judgment rendered in favor of Henry Stark, the plaintiff in that suit, for $400 debt, to be discharged by the payment of $254 damages, which the court found to be the damages sustained by Stark by reason of the suing out of the writ of replevin.    The defendants in that suit, appellants here, sued out a writ of error from the Appellate Court for the First District to review the judgment.    That court affirmed the judgment of the municipal court, denied a rehearing and refused a certificate of importance, whereupon appellants filed the bill in this case.

As we understand the bill, its principal theory is that the act establishing the municipal court of Chicago was not passed by the General Assembly in accordance with the requirements of the constitution.    The specific attack is made upon sections 8, 9, 12, 13 and 65.    If those sections were held invalid the entire act would be destroyed.    Aside from the fact that we have held the act valid, (*City of Chicago* v. *Reeves,* 220 Ill. 274; *Riggs* v. *Jennings,* 248 id. 584;) and since doing so have refused to again consider its validity, (*Richter* v. *Murdock,* 257 Ill. 410; *Gregory Printing Co.* v. *DeVoney,* 257 id. 399; *Kennedy* v. *Neeves,* 258 id. 24; *Gifford* v. *Culver,* 261 id. 530;) we think appellants are not in a position to raise the question.    They sued out of the Appellate Court a writ of error to review the judgment in the suit on the replevin bond.    By doing so they

waived the right to raise any constitutional objection to the correctness and validity of the judgment. They now seek by bill in chancery to impeach the judgment upon grounds existing at the time the cause was tried in the municipal court and the writ of error sued out of the Appellate Court. If it had been desired to raise a constitutional objection to the judgment it should have been raised in the municipal court, and if not sustained by that court an appeal should have been prosecuted to or writ of error sued out of a court having jurisdiction to pass upon constitutional questions. Furthermore, section 13 of the Municipal Court act, the validity of which counsel say in their reply brief is the principal question presented for decision, was held constitutional in *American Badge Co.* v. *Lena Park Improvement Ass'n,* 246 Ill. 589.

It is also contended that no judgment was entered of record by the municipal court in the suit on the replevin bond. This contention is based upon the claim that the judgment is in abbreviated form and does not comply with the constitutional requirement that judicial proceedings shall be conducted and preserved in the English language. There is no merit in the claim. The judgment is written up in the English language and is not in the abbreviated form considered in *Stein* v. *Meyers,* 253 Ill. 199. Counsel concede in their brief that they did not raise this question in the Appellate Court until after that court had rendered its decision, when they claim they discovered for the first time that there was no judgment and "then presented a petition to the Appellate Court praying for relief upon the ground that there was no judgment ordered of record in the trial court," which relief was denied.

The bill makes no case for equitable relief, and the order of the court dissolving the injunction and the decree dismissing the bill were correct and are affirmed.

*Decree affirmed.*