(No. 32840.⬛⬛⬛⬛⬛⬛

THE PEOPLE *ex rel.* Donald M. Gregg, Petitioner, *vs.* JOHN W. TAUCHEN, Clerk of the Probate Court of Cook County, Respondent.

*Announced March 27, 1953.—Opinion filed April 21, 1953.*

92

Albert E. Jenner, James A. Sprowl, and Kenneth J. Burns, Jr., (Johnston, Thompson, Raymond & Mayer (of counsel,) all of Chicago, for petitioner.

Ben Copple, Charles H. Soelke, and Carlton Fischer, all of Chicago, for respondent.

Per Curiam: On leave granted, petitioner, Donald M. Gregg, Judge of the County Court of Marshall County, filed his original petition in this court, praying for a writ of *mandamus* directed to the respondent as clerk of the probate court of Cook County, commanding him (a) to cease and desist from interfering with and preventing petitioner from discharging the duties of judge of, and from conducting, the probate court of Cook County, (b) to furnish petitioner a courtroom and chambers wherein petitioner might hold and preside over the probate court of Cook County, (c) to furnish petitioner a deputy clerk and other necessary attendants while sitting as such judge and holding said court, (d) to record in the records of said court all proceedings conducted and orders made by petitioner as judge of said court, (e) to enroll petitioner's name on his records as the judge holding said court and to certify his name as such to the county treasurer and county clerk of Cook County, and (f) to perform all other duties as required by law to assist the petitioner in holding and conducting the probate court of Cook County.

The respondent, as clerk of the probate court of Cook County, filed his answer to the petition denying the petitioner's right to a writ of *mandamus,* on the ground that under the facts alleged in the petition and answer the law

did not vest petitioner with any title or right to the office of judge of the probate court of Cook County.

The basic facts giving rise to this proceeding are not in dispute, and the issue for decision by this court is primarily one of law.

Honorable William F. Waugh, the duly elected judge of the probate court of Cook County, passed away suddenly on March 6, 1953, at 2:45 P.M. At the time of his death, the unexpired portion of the term to which he had been elected was more than one year.

On March 6, commencing with the opening of court in the forenoon, and up to the time of Judge Waugh's death, petitioner was sitting and holding court in the probate court of Cook County at the request of Judge Waugh pursuant to the statute providing for the interchange of judges in the county and probate courts of Illinois. (Ill. Rev. Stat. 1951, chap. 37, pars. 297-298.) Upon the death of Judge Waugh, petitioner continued to sit as a judge of said court for the remainder of the day at the request of respondent as clerk of said probate court.

On the following Monday, March 9, respondent requested petitioner to continue to serve as a judge in said court, which petitioner did. The said probate court was officially closed on Tuesday, March 10, in memory of the late Judge Waugh and to permit attendance at his funeral. The next day, Wednesday, March 11, respondent told petitioner that he should continue to act on a temporary basis for a limited period of time until respondent determined what course of action he would follow with respect to designating and calling a county or probate judge to serve as judge in the probate court of Cook County pursuant to the statutory provisions in such cases made and provided. Ill. Rev. Stat. 1951, chap. 37, par. 325.

Petitioner thereupon proceeded to hold court until the close thereof on Friday, March 13. Late in the afternoon of that day, respondent advised the petitioner that his ser-

vices were no longer required; that respondent had designated and called the county judge of Perry County to serve as judge of and to hold the probate court of Cook County, commencing Monday, March 16, together with the probate judge of Du Page County as an assistant; that petitioner's name had been removed from the records of the clerk as acting judge of the said court and that petitioner should not appear further to serve as such judge except upon the designation and call of respondent.

At that time petitioner advised the respondent that under the statute (Ill. Rev. Stat. 1951, chap. 37, par. 325,) petitioner was the only county or probate judge in Illinois authorized to hold said probate court of Cook County and to act as judge thereof until the election and qualification of a successor to the late Judge Waugh; that respondent had no right or power to terminate petitioner's rights as such judge, after requesting him to so serve; and that petitioner was willing to continue to so serve and would so present himself at all subsequent sessions of the said court.

On the following Monday, March 16, petitioner did present himself and attempt to hold court in the probate court of Cook County. However, respondent refused to furnish him with a courtroom or a clerk or other attendants necessary to carry out the court functions and to spread of record any order signed by petitioner on that date, although so demanded by petitioner. On the contrary, respondent installed and recognized the county judge of Perry County to serve as judge of the probate court of Cook County, furnishing him the necessary chambers, courtroom and court personnel, and recognized his orders, only, as the official orders of the court entitled to record. On the following day respondent installed the probate judge of Du Page County as an assistant or alternate to the county judge of Perry County as acting judge of the probate court of Cook County, and has continued to refuse to recognize petitioner as a judge of said probate court of Cook County.

During the court week which commenced March 9, 1953, respondent caused to be published and circulated in the course of his duties as clerk of the probate court of Cook County the claim docket of the court for the March term beginning March 23, on the cover and title page of which the petitioner was listed and described as "Acting Probate Judge" over the facsimile signature of respondent. Such claim docket had been prepared before the death of Judge Waugh, and on Monday, March 9, while petitioner was serving as judge of the probate court of Cook County under the circumstances above stated, the printer was advised by respondent to insert petitioner's name as it appeared thereon.

This proceeding involves the construction, and application to the facts here presented, of "An Act to authorize county and probate judges to perform the duties of the office of one another in certain cases" (Ill. Rev. Stat. 1951, chap. 37, par. 325,) which provides as follows: "In case of the death, resignation or inability of the judge of a county or probate court, of any county, the clerk of such court shall designate and call any county or probate judge to hold such county or probate court; and such county or probate judge, when so designated and called, may hold such county or probate court and perform all the duties of the judge thereof until the appointment or election of . his successor, or until the disability to act ceases."

The petitioner's position is that the above facts constitute his being designated and called by the respondent under such statute to serve as judge of the probate court of Cook County, and upon his accepting and entering into his duties as such he thereby succeeded to the title and right to the office of judge of the probate court of Cook County, and that respondent as clerk of such court has no power under the statute to remove him.

Respondent's position is that there was no designation and call of petitioner by him as clerk as contemplated by the statute, and in the alternative that, if there was, peti-

tioner did not thereby acquire title to the office, but was merely performing the duties of the judge, subject to change by the respondent, since any other construction would render the statute unconstitutional.

The burden is upon the petitioner to show a clear legal title and right to the office in question and a right to the relief demanded. *People ex rel. Sanitary Dist.* v. *Schlaeger,* 391 Ill. 314.

A consideration of the facts heretofore recited fails to disclose, in our opinion, a "designation and call" as contemplated by the statute in question. The very language itself discloses an intent and requirement on the part of the legislature that the clerk of the court acting thereunder should exercise an act of deliberation and discretion as such clerk in choosing, naming and specifying a judge of some other county or probate court to sit as judge in the court of which he is clerk. At the time of Judge Waugh's death the petitioner was sitting as a judge in the probate court of Cook County pursuant to the request of Judge Waugh under the statutory provisions for the interchange of county and probate judges in Illinois. (Ill. Rev. Stat. 1951, chap. 37, pars. 297-298.) It was his duty to continue to serve as such for the remainder of the day regardless of Judge Waugh's intervening death. The subsequent conversations of the respondent with the petitioner clearly indicate an intent to continue such status as a temporary arrangement and measure, tacitly acquiesced in by the petitioner. Nowhere does the record show a deliberate and intentional naming and specification, or "designation and call" of petitioner by respondent as clerk of the probate court of Cook County. The most that is shown is a continuation by petitioner to serve as a judge in the court pursuant to his original designation by Judge Waugh in his lifetime, all on a temporary basis. No formal record of the clerk of the probate court of Cook County, making such "designation and call" has been presented to this court

to sustain petitioner's claimed legal right, and it is apparent that none was intended.

Furthermore, to construe the statute in question as contended for by petitioner would necessarily result in a holding which would render such statute invalid and unconstitutional as being in conflict with article VI of the Illinois constitution of 1870.

Article VI of the constitution of 1870 covers the whole judicial power of the people of the State and is the source of all legislative authority respecting courts. (*People ex rel. Nauert* v. *Smith,* 327 Ill. 11; *People ex rel. Sadler* v. *Olson,* 245 Ill. 288; *Missouri River Telegraph Co.* v. *First Nat. Bank,* 74 Ill. 217.) Probate courts came into existence by act of the legislature in 1877 (Ill. Rev. Stat. 1951, chap. 37, par. 299 *et seq.,*) pursuant to the power granted in section 20 of article VI of the constitution of 1870, providing that the General Assembly may provide for the establishment of a probate court in each county having a population of 50,000 inhabitants and providing for the election of a judge thereof whose term of office shall be the same as that of the county judge and who shall be elected at the same time and in the same manner. Thus probate courts are created by the constitution, their jurisdiction established thereby, and the qualifications of the judges of such courts prescribed therein, and such courts and the judges thereof are recognized as constitutional courts and judges, although such courts, their clerks and judges and other officers, did not come into existence until after the legislative enactment above referred to. *City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52.

The office of judge of the probate court being a constitutional office, and article VI of the constitution being the source of all legislative authority respecting courts, the legislature of this State can create no court and cannot fix the term of office of a judge of any court nor prescribe the manner of selection or election of any such judge,

unless authorized by such article VI. *Franklin* v. *Westfall,* 273 Ill. 402.

Section 32 of article VI of the constitution provides in part that all officers provided for in such article shall hold their offices until their successors shall be qualified, and they shall respectively reside in the division, circuit, county or district for which they may be elected or appointed. The petitioner, who is county judge of Marshall County, must be a resident of Marshall County or he would not be qualified and eligible to hold that office. Consequently petitioner is ineligible, under the constitution, to election or appointment to the office of judge of the probate court of Cook County because he does not reside in Cook County.

Section 32 of article VI of the constitution also deals with vacancies in judicial office and provides in part that vacancies shall be filled by election, but where the unexpired term does not exceed one year the vacancy shall be filled by appointment by the Governor. Since the unexpired term of office of the late Judge Waugh is more than one year, the only way the vacancy in such elective office can be filled under the constitution is by election.

Section 29 of article VI of the constitution provides in part that all judicial officers shall be commissioned by the Governor. It necessarily follows that legal title to a judicial office in this State can only be established by the written commission from the Governor. The petitioner does not possess any written commission from the Governor as judge of the probate court of Cook County, but the only commission he possesses is one evidencing his election to office as county judge of Marshall County.

In view of the foregoing constitutional provisions, the statute in question cannot be construed as conferring power upon the clerk of the probate court to confer title to the office of judge of the probate court of Cook County upon petitioner since such construction would clearly render that statute unconstitutional. The legislature of this State in

establishing probate courts recognized such constitutional limitation by providing that when a vacancy shall occur in the office of judge of the probate court of any county the clerk of the court in which the vacancy exists shall notify the Governor of such vacancy, and if the unexpired term of office made vacant is less than one year at the time the vacancy occurs, the Governor shall fill such vacancy by appointment, and otherwise the Governor shall issue a writ of election as in other cases of vacancy to be filled by election. Ill. Rev. Stat. 1951, chap. 37, par. 321.

Petitioner's assertion of a right to the salary and fees incident to the office of judge of the probate court of Cook County, if adopted, would be in violation of the constitutional prohibition against any increase or decrease in the salary or compensation of a judge during his term of office. In *Cummings* v. *Smith,* 368 Ill. 94, although it was held that a county may be compelled to pay the legitimate expenses of travel, upkeep and maintenance of outside judges holding court in such county under the statutes providing for the interchange of judges, without violating the constitutional prohibition as to additional salary or compensation, it was readily conceded that any increase or decrease in the salary or compensation of a judge during his term of office was prohibited by the constitution. Section 16 of article VI, providing for salaries for circuit judges, imposes the prohibition as to increase or decrease in salaries during the judge's term as to circuit judges. Section 25 of the same article imposes the same limitation as to judges of the superior and circuit courts and State's Attorney of Cook County. Section 10 of article X of the constitution provides that the compensation of no officer of any county shall be increased or diminished during his term of office. Section 11 of article IX of the constitution provides that the fees, salary or compensation of no municipal officer elected or appointed for a definite term of office shall be increased or diminished during such term. It is readily

apparent from the foregoing constitutional provisions and the decision in the *Cummings case* that the statute authorizing the clerk of a court to appoint a county or probate judge from some other county to the office of judge vacated by death, together with the right to the salary of such office, would be unconstitutional as authorizing an increase in salary of a county or probate judge during such judge's term of office.

In the light of the foregoing constitutional provisions, the statute in question cannot be construed as conferring power on the clerk of the probate court to confer the title to the office of judge of the probate court of Cook County upon petitioner without clearly rendering such statute unconstitutional.

However, such statute is susceptible of a construction which does render it valid and constitutional. For many years there have been statutes which permit the interchange of judges not only in the county and probate courts but also in the superior and circuit courts. (Ill. Rev. Stat. 1951, chap. 37, pars. 72.29, 297, 298, 338, 368, and 452.) In fact, at the time of Judge Waugh's death the petitioner was sitting as a judge of the probate court of Cook County at the request of Judge Waugh, pursuant to such interchange statute. Such statutes have consistently been held constitutional. (*City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52; *American Badge Co.* v. *Lena Park Improvement Assn.* 246 Ill. 589; *American Car and Foundry Co.* v. *Hill,* 226 Ill. 227; *Pike* v. *City of Chicago,* 155 Ill. 656; *Jones* v. *Albee,* 70 Ill. 34.) In the *City of Moline case* the court in its opinion pointed out that the terms "court" and "judge of the court" were not synonymous. The constitutionality of the same statutory provision here in question was there considered, and the court held it constitutional, pointing out that there was an analogy between the section under consideration and the statutes providing for interchange of circuit judges which had been

previously held constitutional. Such decision in the *City of Moline case* is predicated primarily and basically upon the reasoning that a judge called in to serve in another court does not thereby acquire any title to the office of judge of the court into which he is called, but retains his original title of judge of the court to which he has been elected and merely sits temporarily in and holds the other court under such circumstances.

In *Pike* v. *City of Chicago,* 155 Ill. 656, the court, after extensive consideration of the development of the various statutes authorizing judges to interchange with each other and to hold court in the same county at the same time, proceeded to consider the statutory enactment here in question. After setting forth verbatim the principal section of the act here in question, which has been in existence since its enactment in 1885 to the present time, the court said, at page 662: "Prior to 1885, when a county or probate judge had died or had resigned or when there was some sudden inability which might impair the mental powers of the judge, there was no statute under which the court could be held by a judge from another county until the difficulty could be removed. This act was intended to remedy the supposed defect in the statute, and also make provision under which probate judges might hold county court and county judges hold probate court. This, as we understand the statute, is its real scope and purpose. Where the county judge was dead or had resigned, or was afflicted with some malady, so that he could not call upon a judge from another county to come to his assistance, as might be done under the act of 1879 where the judge was in the discharge of his duties and desired assistance, it was very proper that the legislature should enact a statute to remedy the supposed evil. The third section of the act shows, plainly enough, the purpose of the act. There had been a death, and the legislature thought it wise to enact a law so that court might be held until a successor could be elected by

the people." The third section .of the act referred to in such quotation clearly shows the purpose of the statute and provides as follows: "Whereas, there has been a recent death of a county judge, and a necessity thereby created to authorize a county judge or probate judge to perform the duties of the office of such deceased judge; therefore, an emergency exists and this act shall be in force from and after its passage."

At the time of the passage of the statute here in question, there were in existence statutes providing for the interchange of judges on request of a judge of a certain court. However, there was no provision for one judge to substitute for another and to perform the duties of office of another judge in the event of an emergency creating a vacancy in such judgeship, during the necessary time lapse between the occurrence of such vacancy and the filling of the vacancy in the manner provided by the constitution. The earlier statutes for interchange of judges had been held constitutional and interpreted as not vesting the visiting judge with any title to office of judge of the court in which he was serving, but merely as vesting him with power to perform a judge's duties temporarily therein. It is apparent that the General Assembly, in conferring upon the clerk of a county or probate court the power to call any sitting county or probate judge to transact the business of a county or probate court where the incumbent has either died, resigned or was unable to perform his duties, contemplated the continuance of the court functions in an emergency period on the same basis as the interchange of judges was accomplished. No judge of the court being present to request such interchange, the legislature has authorized the court officer next most likely to know the needs and demands of the court to make such call in order to meet the public needs and to keep the court functioning until the Governor has an opportunity to fill the vacancy pursuant

to notification of the vacancy by the clerk of the court under the provisions of section 24 of the Probate Court Act. (Ill. Rev. Stat. 1951, chap. 37, par. 321.) Under such circumstances, the visiting judge called in by the clerk of the court does not succeed to the title or office of judge of the court which he is holding, but, on the contrary, the clerk of the court succeeds to the powers of the incumbent to call such judge or judges as may be necessary to properly meet the demands of the public upon such court on a temporary basis. The rule of statutory construction set forth in section 1.03 of the Statutory Construction Act, (Ill. Rev. Stat. 1951, chap. 131, par. 1.03,) that words importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular, justifies such interpretation and achieves what we contemplate was the intent of the General Assembly in passing the statute.

It is well established by decisions of this court that where a statutory enactment is susceptible of two constructions, one of which will render the same unconstitutional and the other of which would constitute a valid enactment, it is the duty of the court to adopt the construction which favors the validity of the statute. *People ex rel. Royal* v. *Cain,* 410 Ill. 39; *People ex rel. Dolan* v. *Dusher,* 411 Ill. 535; *People* v. *Deatherage,* 401 Ill. 25; *People* v. *Dale,* 406 Ill. 238.

We are thus constrained to refuse petitioner's claimed construction of the statute in question as one which would render it unconstitutional, and, on the contrary, hold that the words "designate and call," as used in the statute in question, do not mean appointment nor do they confer upon the judge who is designated and called the right or title of office of judge of the probate court; that petitioner has shown no title to the office; and that petitioner has shown no right to the relief prayed.

This case was argued, submitted, and decided at the March term, 1953, and an order was entered denying the writ of *mandamus*. This opinion is filed in pursuance of the announcement then made.

*Writi denied.*