EDWIN DUNCAN, PETITIONER-RESPONDENT, v. T. I. Mc-
CORMACK TRUCKING CO., INC., RESPONDENT-APPEL-
LANT.

Hudson County Court
Law Division

Decided June 29, 1954.

*Mr. Aaron Gordon,* attorney for petitioner-respondent.

*Mr. Walter H. Jones,* attorney for respondent-appellant.

PROCTOR, A. J. S. C. This is an application by the petitioner-respondent for the vacation of an order made by me as Assignment Judge of Hudson County. The order referred the hearing of an appeal from the Division of Workmen's Compensation of the Department of Labor to Superior Court Judge Mariano, who is assigned to sit in Hudson County.

Petitioner-respondent argues that the County Court as a statutory tribunal has exclusive jurisdiction to hear such an appeal and that a Superior Court judge is without authority in such matters.

An appeal from the judgment of the Workmen's Compensation Bureau is to the County Court of the county in which the accident occurred. *N. J. S. A.* 34:15–66. *N. J. S.* 2A:3–7 provides that

"Any judge of the superior court sitting in the county court shall have all the powers and jurisdiction vested in or exercised by such county court or any judge thereof."

On October 30, 1952 the Supreme Court made the following order, which is still in force:

"ORDERED that all Superior Court Judges assigned to the Law Division in Hudson County, on regular or temporary assignment, are designated and empowered to sit in the Hudson County Court pursuant to the statute in such case made and provided; and all Judges of the Hudson County Court, on regular or temporary assignment, are assigned to sit temporarily in the Superior Court, Law Division, in Hudson County, to try cases and hear motions pending in that court pursuant to Rule A 18." (Now *R. R.* 1:31–1.)

In view of the above statute, rule and order it is clear that Superior Court Judge Mariano is possessed of jurisdiction to hear and determine an appeal from the Division of Workmen's Compensation of the Department of Labor.

The application is denied.