320

(No. 34571.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVE E. BENEDICT, Plaintiff in Error.

*Opinion filed March 20, 1958.*

B. A. SHEEHAN, of Niantic, and FRANCIS R. WILEY, of Decatur, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and HILMER C. LANDHOLT, State's Attorney, of Decatur, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case reaches this court on writ of error from the circuit court of Macon County, wherein defendant was charged and convicted of taking indecent liberties with a female under 15 years of age and sentenced to the Illinois penitentiary for an indeterminate term of one to twenty years.

The defendant contends that his guilt was not proved beyond a reasonable doubt; that various errors of a prejudicial nature occurred in the course of the jury trial; and that the court was without jurisdiction since the presiding judge was a judge of the county court of Piatt County, requested to preside in the circuit court of Macon County pursuant to statutes for interchange of judges, (Ill. Rev. Stat. 1957, chap. 37, pars. 297, 298,) which are violative of section 29 of article VI of the Illinois constitution.

In September, 1956, the defendant was a resident of Niantic, Illinois. He owned a 40-acre tract of land on which was situated an old two-story frame house, in which George Knowles, his wife Pauline, and their five children dwelled. The child involved is Margaret Ann Knowles, age 5. The defendant was 57 years of age.

On September 27, 1957, the sheriff of Macon County was informed of an improper relationship between the defendant and the children of the Knowles family, whereupon defendant was brought to the sheriff's office, where he admitted committing indecent acts with Margaret Ann

Knowles. He signed a statement to the same effect, and on trial admitted the verity of his sworn confession. Without further detail, we are of the opinion that the record clearly demonstrates defendant's guilt as charged.

Complaint is made here that the court committed prejudicial error in the trial of this cause. The State called several witnesses to prove that defendant's general reputation for truth and veracity was bad in his neighborhood. It was contended that their testimony was improperly received because their names were not endorsed on the indictment. The People were not in a position to know whether the defendant would take the stand, and not until then would impeaching evidence be appropriate. However, the defendant was accorded an opportunity to interview the State's rebuttal witnesses prior to their being placed on the stand to testify.

The questions propounded by the State on reputation were faulty in that the word "general" was omitted, but this technical omission was not mentioned at the trial or in the motion for new trial. Specific objection was urged that there was not sufficient foundation laid for such proof to be proper. We believe the trial court acted properly in refusing defendant's motions for mistrial and continuances because of any irregularity in their proof that defendant's reputation for truth and veracity was bad. *People* v. *Billings,* 372 Ill. 433, 441; *People* v. *Mandrell,* 306 Ill. 413, 420; *People* v. *Jennings,* 298 Ill. 286, 288.

Without merit also is defendant's contention that the court erred in giving certain instructions submitted by the State, and in refusing to submit to the jury several instructions tendered on defendant's behalf.

Defendant urges as a further ground for reversal that the court was without jurisdiction, since the statutes for interchange of judges under which authority the county judge of Piatt County presided in the circuit court of Macon County, violate section 29 of article VI of the constitution.

The controverted statutes in substance authorize the interchange of county and probate judges with each other and with judges of the circuit, superior, town and village and municipal courts of the State; and the relevant constitutional provision requires that all laws relating to courts shall be general and uniform in operation, and that the organization, jurisdiction, powers, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, shall be uniform.

The practice of the interchange of judges between trial courts of record is by no means new or novel, either in Illinois or in other jurisdictions. It is authorized in the interest of the expedient disposition of litigation in practically every jurisdiction (30 Am. Jur. 745; 48 C.J.S. 1027), either pursuant to constitutional or statutory authorization, or both. Minn. Const. art 6, § 5; Fla. Const. art. 5, § 2; N.Y. Const. art 6, § 14a, 15a; Wis. Const. art. 7, § 11; Wis. Stats. § 252.13; Ark. Const. art. 7, § 22; Mo. Const. art. 5, § 15; Va. Const. § 97; Pa. Stats., Title 17, § 226, 225; Mich. Comp., Laws 1948, § 607.5; N.J. Stats. 2A 6-11; West Va. Stats. 5204; New Hamp. Stats. 491:3; Tenn. Stats. 17.207, 209, 220.

Although our review of the law of other States does not purport to be exhaustive, interchange is allowed not only among courts of identical jurisdiction, but wherever the administration of justice requires (Missouri constitution), or among courts of different units of government, or among those which hear different kinds of cases. (*Duncan* v. *T. I. McCormack Trucking Co.* 31 N. J. Super. 480, 107 A.2d 71; *Cormack* v. *Coleman,* 120 Fla. 1, 161 So. 844; Pa. Stats. Title 17, § 226; *State ex rel. Thompson* v. *Day,* 200 Minn. 77, 273 N.W. 684; *State* v. *McCarver,* 194 Mo. 717, 92 S.W. 684; Tenn. Stats. 17.207, 209, 220; Mich. Comp., Laws 1948, § 607.5; New Hamp. Stats. 491:3; Wisc. Stats. § 2432; *Atkins* v. *State,* 148 Tex. Cr. 523, 182 S.W. 2d 723; *Pierson* v. *State,* 147 Tex. Cr. 15, 177 S.W.2d 975;

*McEachin* v. *Martin,* 193 Ark. 787, 102 S.W.2d 864.) However, since analogies to the judicial practices of other jurisdictions necessitate consideration of the particular State constitution, and court organization as well, the value of such analogies is limited, and tends to be obscured by a maze of details. Consequently, we will confine our attention to the Illinois statutes and decisions respecting the interchange of trial court judges.

The Illinois courts have uniformly approved judicial interchange statutes. Although the practice antedates the constitution of 1870, it neither refers to nor prohibits the practice; hence, the court in *Jones* v. *Albee,* 70 Ill. 34, inferred that there was no constitutional intention to bar such a practice, and sustained a statute of 1873 providing that judges of the circuit court or superior court of Cook County may request any judge or judges of any other court of record to come to their assistance and hold a branch of the court with the same force and effect as if he were the judge of such court. The court stated that while the constitution requires such circuit judge to reside in the circuit in which he is elected, he is not, either in terms or by implication, prohibited from holding court in another circuit. That decision was reaffirmed in *Hall* v. *Hamilton,* 74 Ill. 437.

In *Pike* v. *City of Chicago,* 155 Ill. 656, the court upheld a statute, enacted in 1879, authorizing the interchange of county judges. The court reasoned that since such practice obtained in the circuit court, county courts, as courts of record, were entitled to the same privilege, particularly since the constitutional provision establishing them showed a plain intent that they should not be regarded as inferior tribunals (*Bostwick* v. *Skinner,* 80 Ill. 147; *Propst* v. *Meadows,* 13 Ill. 157), and the legislature could confer upon them the same jurisdiction as exercised by the circuit court.

In *City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52, the court sustained the constitution-

ality of the act of 1885 providing that, at the request of the clerk of the court, county and probate judges could perform the duties of one another in case of the sudden death or incapacity of such judges. The decision that there was no violation of section 29 of article VI of the constitution was based on the fact that the jurisdiction of the courts is distinct from the eligibility of the judges, and, therefore, the court's jurisdiction was in no way affected by such interchange. The court specifically held that the fact that the jurisdiction of the courts was not coextensive would not preclude interchange, and noted that the statutes establishing the probate and county courts are similar as to the qualifications and terms of the judges and geographical area of their jurisdiction.

The validity of a statute providing that judges of city courts may interchange with each other and with judges of the circuit court (Ill. Rev. Stat. 1951, chap. 37, par. 338), was assumed without discussion in *American Car and Foundry Co.* v. *Hill*, 226 Ill. 227; in *People ex rel. Giese* v. *Dillon*, 266 Ill. 272, and in *Madden* v. *City of Chicago*, 283 Ill. 165. In the *Dillon case* the court rejected the argument, similar to that interposed herein, that since the judge before whom the cause was tried was a city court judge, he was without jurisdiction to determine a case heard in the circuit court. In the *Madden case* the court stated that it would take judicial notice of the fact that the trial judge was a city court judge, authorized under the statute to serve, on request, in any circuit court; and in *Chicago Land Clearance Com.* v. *White*, 411 Ill. 310, the court also recognized this practice of interchange of city and circuit court judges, as authorized by the statute.

In *American Badge Co.* v. *Lena Park Improvement Ass'n*, 246 Ill. 589, the court sustained the constitutionality of a similar statute authorizing judges of the municipal court to interchange with judges of other city courts and with county judges. (Ill. Rev. Stat. 1951, chap. 37, par.

368.) In holding that the provision did not contravene the uniformity requirements of section 29 of article VI of the constitution, the court specifically stated that the fact that the city courts administered the law within a different geographical area from that administered by the county courts would not preclude the interchange of judges under the constitution, and that such interchanges were intended and necessary for the reasonable dispatch of the business of the courts.

In the more recent case of *Gregg* v. *Tauchen,* 415 Ill. 91, where the court considered the status and rights of a county court judge called to serve in the probate court of Cook County by the clerk of that court on the death of the judge, as provided by the statute (Ill. Rev. Stat. 1951, chap. 37, par. 325), it reaffirmed the constitutionality of that statute, and considered the various provisions relating to interchange of judges, (Ill. Rev. Stat. 1951, chap. 37, pars. 72.29, 297, 298, 325, 338, 368 and 452,) and the cases construing them.

The foregoing review of the relevant Illinois statutes and decisions respecting the interchange of trial court judges reveals a legislative course, approved by the judiciary, which has been designed to utilize the expanding judicial machinery to expedite the disposition of the increasing burden of litigation. The constitutionality of such statutes has sometimes been assumed in the cases (*American Car and Foundry Co.* v. *Hill,* 226 Ill. 227; *People ex rel. Giese* v. *Dillon,* 266 Ill. 272; *Madden* v. *City of Chicago,* 283 Ill. 165), and whenever the issue has been considered, the interchange provision has been sustained, whether it involved interchange between judges of courts of the same territorial jurisdiction (*Jones* v. *Albee,* 70 Ill. 34; *Pike* v. *City of Chicago,* 155 Ill. 656), or between courts of different units of government (*American Badge Co.* v. *Lena Park Improvement Ass'n,* 246 Ill. 589; *Chicago Land Clearance Com.* v. *White,* 411 Ill. 310), or between courts ad-

judicating different fields of law (*City of Moline* v. *Chicago Burlington and Quincy Railroad Co.* 262 Ill. 52; *Gregg* v. *Tauchen,* 415 Ill. 91).

In the instant case the county judge of Piatt County presided in the circuit court of Macon County, under the authorization of the statute for interchange of judges, as amended in 1955. (Ill. Rev. Stat. 1957, chap. 37, par. 298.) Defendant argues that since the presiding judge was elected and commissioned only as a county judge, he was ineligible to serve in the circuit court, even temporarily, and therefore that court had no jurisdiction to hear the case. In support thereof, defendant cites *Gregg* v. *Tauchen,* 415 Ill. 91, and *City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52.

It is not clear just how these cases can conceivably be construed to support defendant's position. On the contrary, in differentiating between the jurisdiction of the court and the eligibility of the judge, they reject defendant's position, by concluding that the jurisdiction of the court is in no way affected by the title of the presiding judge. Moreover, those cases approve the cases authorizing interchange of judges of courts of different jurisdictions.

The fact that the *Tauchen case* holds that a transfer under the interchange statute does not confer a new title on the visiting judge in no way implies that the visiting judge should not be permitted to serve unless his original title related to the same court, as defendant has gratuitously assumed. Nor does the *City of Moline case* hold either expressly or by implication that the interchange of judges is constitutional only where the jurisdictions of the courts are similar or identical.

Defendant argues further that the constitutional requirement of uniform organization of courts of the same class or grade is infringed if a judge of the county court serves in the circuit court, since a county judge is "inferior" to a circuit court judge. Defendant concedes, however, that

city and circuit court judges could be regarded as belonging to the same class, as could probate and county court judges, and therefore may interchange courts.

We cannot accept such specious reasoning, inasmuch as probate courts have a more restricted jurisdiction than county courts, and city courts have a more restricted jurisdiction than circuit courts, there is no reason to permit interchange of these judges, and at the same time to deny such interchange between county and circuit court judges. Nor is there any legal justification for defendant's assertion that county judges are "inferior" to circuit judges. Not only are the formal qualifications of county and circuit judges the same under the constitution, but county courts may be conferred with the same jurisdiction as circuit courts, and have been specifically held not to be "inferior courts." *Pike* v. *City of Chicago,* 155 Ill. 656; *Bostwick* v. *Skinner,* 80 Ill. 147.

Furthermore, defendant's contention is also untenable because it would necessitate overruling a substantial body of law, for the cases have not predicated the validity of the interchange statutes on the identity of jurisdiction of the courts, as defendant insists. Insofar as defendants' contention would necessitate inquiry in each case as to whether the court from which the visiting judge came could be deemed to be of equal status as the court requesting the transfer, it would promote uncertainty in the law and fuse the concept of the jurisdiction of the court with the qualifications of the judges who serve, contrary to established authority. (*City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52; *Gregg* v. *Tauchen,* 415 Ill. 91.) Public policy, moreover, militates against such a restrictive constitutional construction, which would limit the assignment of judges among trial courts, and thereby further impede the disposition of litigation.

Inasmuch as the controverted statute provides that all courts of the same class or grade shall have the same privi-

lege of interchange with any of the specified trial courts, the statute is general and uniform in operation, and in no way offends the constitutional mandate. Therefore, the authority of the trial judge, presiding by virtue of the interchange statute, cannot properly be challenged by defendant.

On the basis of our analysis in this cause, the trial court did not err in this cause, and defendant's conviction is affirmed.

*Judgment affirmed.*