Joseph Masover, Appellee, v. Joseph B. Gilbert, Appellant.

Gen. No. 47,403.

First District, Third Division.
June 4, 1958.
Released for publication July 18, 1958.

Joseph B. Gilbert, of Chicago, pro se, appellant.

Howard C. Goldman, of Chicago, for appellee.

JUSTICE FRIEND delivered the opinion of the court.

Plaintiff brought suit in the County Court of Cook county to recover the reasonable value of legal services allegedly rendered by him to defendant. Trial by the court resulted in judgment for plaintiff in the sum of $440 and costs, from which defendant appeals.

The case was heard and judgment was entered by Charles I. Fleming, a judge of the City Court of Litchfield, Montgomery county, Illinois, who was holding

court in the County Court of Cook county by virtue of the provisions of section 338, chapter 37, Illinois Revised Statutes 1957; the section reads as follows: "Such judges [of the several courts of record now existing in and for cities, as defined in section 1 of the act in relation to courts of record in cities, villages and incorporated towns (section 333 of chapter 37)] may, with like privileges as the judges of the circuit, superior, municipal and county courts, interchange with each other, and with the judges of circuit, superior, municipal, county and probate courts in Cook and other counties, and may hold court for each other, and for judges of circuit, superior, municipal, county and probate courts in Cook and other counties, and perform each other's duties, and the duties of judges of circuit, superior, municipal, county and probate courts in Cook and other counties, when they find it necessary or convenient."

It is conceded by defendant, acting pro se, that Judge Fleming was a duly qualified and acting judge of the City Court of Litchfield, but he argues that Judge Fleming was not judge of the County Court of Cook county, that the duly qualified and acting judge of that court, as appears from defendant's sworn motion for a new trial, was at all times Judge Otto Kerner; and that one who was never elected and appointed, and never qualified, as judge of the County Court of Cook county, could not enter a valid order in the capacity of judge of that court. A like contention was rejected in Madden v. City of Chicago, 283 Ill. 165, and Fisher v. City of Chicago, 213 Ill. 268, where the Supreme Court held that an interchange of judges is proper. In American Jurisprudence, Judges, the author states, in section 242, that "The fact that the constitution requires judges to be elected by the electors of their respective districts does not in general

prevent the legislature from providing for the exchange of judges," and, in section 246, the author states that "Where a judge of court of one county holds court in another, it will be presumed that he has lawfully done so, in the absence of evidence to the contrary, upon the request of those authorized by law to empower him to serve in such county."

Defendant relies on People ex rel. Gregg v. Tauchen, 415 Ill. 91, a case concerning the appointment of a judge where the duly elected judge had died, and involving the construction of "An Act to authorize county and probate judges to perform the duties of the office of one another in certain cases" (Ill. Rev. Stat. 1951, ch. 37, par. 325). The court there was not required to construe the statute providing for the interchange of judges, but in the course of its per curiam opinion it said: "For many years there have been statutes which permit the interchange of judges not only in the county and probate courts but also in the superior and circuit courts. (Ill. Rev. Stat. 1951, chap. 37, pars. 72.29, 297, 298, 338, 368, and 452.) . . . Such statutes have consistently been held constitutional. (City of Moline v. Chicago, B. & Q. R. Co. 262 Ill. 52; American Badge Co. v. Lena Park Improvement Ass'n, 246 Ill. 589; American Car and Foundry Co. v. Hill, 226 Ill. 227; Pike v. City of Chicago, 155 Ill. 656; Jones v. Albee, 70 Ill. 34.)" In State of Indiana v. Vanderburgh Circuit Court, 85 N.E.2d 254, it was held that when a special judge assumes jurisdiction in a particular cause, his acts within his jurisdiction become those of the court. It accordingly follows that the judgment order signed by Judge Fleming was a proper order of the County Court of Cook county.

Defendant does not question any of the orders in the record except the judgment order. The prior or-

ders, spread of record, show the presiding judge in his capacity of "acting" judge, and it will be presumed that all his acts were those of an acting judge sitting in the County Court. In Linehan v. Travelers Ins. Co., 370 Ill. 157, a case originating in the Circuit Court of Cook county, the court, on defendant's motion for judgment non obstante veredicto, rendered judgment for defendant. Plaintiff thereupon appealed, and the Supreme Court, in stating the facts of the case, said that, so far as the record disclosed, the trial judge—a judge of the City Court of Marion—presided at the trial without objection by plaintiff, and concluded that the only issue requiring consideration, whether a City Court judge could preside at a trial in the Circuit Court of Cook county, could not be raised by motion under section 72 of the Civil Practice Act (pertaining to errors in fact), as such a judge was, in any event, a de facto judge under the statute, and the question whether he was a de jure judge was a question of law, involving the validity of section 6 of the City Court Act (pertaining to the interchanging of judges of various courts), and not a question of fact, citing People v. Bangs, 24 Ill. 184. In the same discussion in American Jurisprudence above referred to, the author states, in section 234: "It is the general rule that acts performed by a de facto judge are not invalid. A judge de facto is, to all intents and purposes, a judge de jure as to all persons except the state. Thus, the official acts of a de facto judge are just as valid for all purposes as those of a de jure judge, so far as the public or third persons who are interested therein are concerned, and their validity may not be collaterally attacked."

We hold that Judge Fleming properly performed the duties of the County Court, and that all orders

84

bearing his name, including the judgment order, were valid.

Accordingly, the judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.